UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-31155
Summary Calendar

_____

ARVINE ADKISSON,

Plaintiff-Appellant

VERSUS

SCHLUMBERGER TECHNOLOGY CORPORATION,

Defendant-Appellee

_____

Appeal from the United States District Court
For the Western District of Louisiana
(01-CV-329)

_____

April 9, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The appellant, Arvine Adkisson, appeals the district court's
August 27, 2001 order which dismissed his ADEA claim for failure to
timely file an administrative charge with the EEOC. Adkisson's
Louisiana state law discrimination claim remains pending before the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

district court.  Thus, final judgment has not been entered in the case.

Schlumberger contends that we are without jurisdiction to hear this appeal because Adkisson is not appealing from a final judgment.  We disagree.  We have jurisdiction to hear the appeal under the collateral order doctrine because the district court's ruling conclusively determined the disputed question; resolved an issue that is completely separate from the merits of Adkisson's ADEA claim, and would be effectively unreviewable on appeal from a final judgment.  *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994).  Thus, Schlumberger's motion to dismiss the appeal for lack of jurisdiction which has been carried with the case is DENIED.

We now turn to the issue of whether the district court properly dismissed Adkisson's ADEA claim for failure to file a timely EEOC charge.  After carefully reviewing both parties' arguments, the applicable law, and the district court's memorandum ruling, we AFFIRM for essentially the same reasons stated by the district court in its August 27, 2001 order.

AFFIRMED.

2